# SUPERIOR COURT

Essie Etta Langley
vs.
F. W. Woolworth Company } No.

## RESCRIPT

September 15, 1924

GREENE, J.   Action of trespass on the case for personal injuries alleged to have been caused by defendant's negligence.  Heard on defendant's motion for a new trial after verdict for the plaintiff.

The plaintiff sustained the injuries of which she complains in consequence of a fall upon the floor of the defendant's store at Providence.   She testified that on August 21st, 1922, she had been shopping in the defendant's store and that about 4 o'clock in the afternoon, as she was passing a counter in the vicinity of the elevator, she slipped and fell, and that she has suffered and still suffers grievously from the injuries thereby sustained and from the shock, and that her injuries are permanent.

The fact that the plaintiff fell upon the floor of the defendant's store upon the day and at the place alleged by her was admitted by the defendant's witnesses.   The dispute between the parties on the question of liability related wholly to the cause of the fall.  The defendant offered no affirmative evidence upon this question, but contented itself with a denial of the cause assigned by the plaintiff.  The cause of the fall alleged by the plaintiff was the condition of the floor of the defendant's store which, she charged, had been rendered slippery at the time and place of her fall by reason of some peanuts thereon which had been trampled upon and crushed.  Although peanuts were on sale in the defendant's store at a counter within twenty-fice (25) feet of the place of the accident, there was no evidence as to how the peanuts came to be upon the floor or by whom they were placed there, nor was any attempt made to prove these facts, the plaintiff resting her case so far as the defendant's negligence was concerned upon the facts, (1) that the peanuts in a crushed condition were upon the floor where she fell, and (2) that the defendant permitted them to remain there after it should and by a reasonable and adequate inspection would have discovered their presence upon the floor.

These two propositions were the issues in dispute at the trial; the witnesses for the defendant testifying that the floor was inspected constantly and swept twice each day, the last sweeping on the day of the accident having been completed about two hours before the fall and that no peanuts were upon the floor at the time of the inspections or of the sweeping; and a witness for the plaintiff testifying that she had seen peanuts an hour before the fall on the floor at the place where the plaintiff later fell and that they were still there at the time of the fall.

The assistant manager of the defendant's store in charge of the street floor where the accident occurred and several of the floor girls, whose duty it was to inspect the floor and at all time keep it clean and free from rubbish, testified to their inspection on the day of the accident and to the absence of peanuts upon the floor before and after the accident.   They did not insist, on cross-examination, however, that their inspections were constant or continuous, for the duty of inspection was only one of the duties of their employment.   These witnesses were employees of the defendant, or former employees, and the duty of inspecting the floor was one of their many duties in the defendant's store, the assistant manager having as well as the duty of floor inspection the duty of supervising the various activities of the floor and the floor girls having also the duties of keeping the

clerks busy, supplying the counters with the materials on sale, and so forth, these duties carrying them from the vicinity of the place of the accident and occasionally to other floors of the store. The assistant manager and floor girls testified that they passed the place of the plaintiff's fall frequently and on each passing examined the floor, looking for waste papers and other rubbish thereon, and that on the afternoon of the accident, before the fall, they saw no peanuts thereon, and after the accident, looking for the cause of the plaintiff's fall, they found no peanuts or peanut shells in the vicinity. These last examinations of the floor after the accident, however, were not made by the floor girls until fifteen or twenty minutes and by the assistant manager until five minutes after the fall.

The most important witness in the case, however, was Mrs. Florence M. Maloney, a witness for the plaintiff, who heard the plaintiff fall, and went at once to her assistance. She testified that she had seen the peanuts upon the floor about an hour before the plaintiff fell, and also saw them right after the fall on the floor and upon the clothing of the plaintiff from which she brushed them off when she assisted in lifting the plaintiff from the floor. She also testified that she observed marks on the floor amidst the peanuts and shells showing where the plaintiff had slipped on the floor.

Mrs. Maloney was positive and precise in her testimony and although subjected to a searching and skilful cross-examination, stuck to her story. She had entered the store shortly before 3 o'clock, lunched in the store, made various purchases and was in the vicinity of the place of the accident when it occurred about an hour later. When she entered the store she saw the peanuts on the floor and stepped aside to avoid them and again saw them in the same place on the floor immediately after the fall. Although her testimony was highly favorable to the plaintiff there was nothing in her manner of testifying which showed interest or prejudice on her part. She was unacquainted with the plaintiff at the time of the accident and testified that she had not met her or communicated with her from the time of the accident until the day of the trial where she appeared in response to the subpoena duly served.

The plaintiff herself testified that she did not know what caused her to fall and the case went to the jury without other evidence of the cause of the plaintiff's fall than the direct and positive testimony of Mrs. Maloney, which testimony was contradicted, if it was a contradiction, by testimony of the witnesses for the defendant to the effect that they did not observe the peanuts on the floor, although it was their duty to be on the lookout for such things.

The jury rendered a verdict for the plaintiff and the defendant now contends that the verdict was against the evidence and the weight thereof.

I cannot agree with this contention. The testimony of Mrs. Maloney was positive, certain and direct, while the testimony for the defendant was inferential and negative. Unless Mrs. Maloney was guilty of perjury, the peanuts caused the plaintiff's fall and were upon the floor long enough to warrant the jury in finding that the defendant was guilty of negligence in permitting them to remain there after it should have discovered and removed them. On the other hand the sum and substance of the testimony of the witnesses for the defendant, it seemed to me, was that although they were generally on the lookout for articles upon the floor of the store, their attention was frequently otherwise engaged, and that the peanuts upon

SEP 27 1926

the floor might and in this case probably did escape their observation. These witnesses also, in my opinion, were in some parts at least of their testimony, stating their general practice and custom in the store rather than their recollection of the occurrences of the day of the accident.

The defendant at the hearing on the motion vigorously assailed the testimony of Mrs. Maloney, and cited incidents as having occurred at the trial which, it claimed, showed undue interest on her part in event of the trial and an intimacy with the plaintiff inconsistent with her profession on the witness stand of disinterestness and lack of acquaintance with the plaintiff. These incidents were not observed by the court nor in any way called to the attention of the court or the jury during the trial. They are not, therefore, properly before the court at this time nor would they constitute a ground for a new trial if they had been brought to the knowledge of the court at the trial or regularly proved at the hearing on the motion.

The defendant in its brief also attacks the testimony of Mrs. Maloney as inconsistent with an affidavit made by her and filed among the papers of the case after hearing upon the motion. The filing of this affidavit was consented to by the court, not as designed to effect the merits of the motion, but only because counsel for the plaintiff seemed to feel that their personal honor was involved, construing the attacks upon Mrs. Maloney as attacks upon themselves. Furthermore, even if the inconsistent statement, if the statement in the affidavit is inconsistent with the testimony, were properly before the court as newly discovered evidence, such inconsistent statement, particularly in relation to a collateral issue, is not generally, in this State at least, regard as a ground for a new trial.

The defendants also contends that the amount of verdict, which is for seven thousand ($7000.00) dollars, is excessive.

The plaintiff at the time of the accident was about thirty-four years of age and was a robust, vigorous young woman, in good health and weighing about one hundred eighty pounds. Following the accident, the uncontradicted testimony shows, she has been unable to do work of any kind, is reduced in weight to one hundred forty-five pounds, is nervous and suffers pains and aches constantly, and this condition is permanent. Under these circumstances the verdict, in my opinion, is not excessive.

In my opinion, therefore, the verdict is in accordance with a fair preponderance of the testimony and the motion for a new trial is denied.

For Plaintiff: Stephen J. Casey and Green, Curran & Hart.

For Defendant: Quinn, Kernan & Quinn.